**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DWIGHT DARYL OWENS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0286-RWS-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-1780-RWS-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion, as amended, (Docs. 80, 85); the government's response, as supplemented, (Docs. 87, 89); and Movant's reply, (Doc. 91). For the reasons discussed below, Movant's motion to vacate is due to be denied.

**I.    Background**

On May 13, 2008, two men robbed at gun point Skytalk Communications, a cell-phone store owned by Seo Ahn and tended by Ahn and his nephew Eun Youl Ok. See United States v. Owens, 445 F. App'x 209, 212 (11th Cir. 2011), cert. denied, _ U.S. _, 133 S. Ct. 1492 (2013). The grand jury sitting in the Northern District of Georgia indicted Movant on one count of robbery and one count of "use and discharge" of a

firearm in relation to a crime of violence. (Doc. 1). Movant initially was represented by Colin Garrett and then proceeded to trial represented by Brian Mendelsohn. (See Docs. 8, 35). The jury convicted Movant on both counts. (Doc. 56). On December 3, 2010, the Court entered Movant's Judgement and Commitment Order, which imposed on Movant a 180-month term of imprisonment for robbery and a consecutive 120-month term for the firearm conviction. (Doc. 60).

Movant appealed and argued that the evidence was insufficient and that the district court erred in disallowing expert testimony on eyewitness identification, failing to properly instruct the jury on eyewitness identification, and admitting Movant's May 27, 2009, recorded prison phone conversation. See Br. of Appellant at 1, Owens, 445 F. App'x 209, 2011 WL 1633368. On October 13, 2011, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. Owens, 445 F. App'x at 219. On June 8, 2012, the Eleventh Circuit denied an *en banc* re-hearing. United States v. Owens, 682 F.3d 1358 (11th Cir. 2012). On March 4, 2013, the United States Supreme Court denied *certiorari*. Owens v. State, _ U.S. _, 133 S. Ct. 1492 (2013).

Movant now seeks collateral review under § 2255 and raises fourteen grounds for relief: counsel performed ineffectively (1) by stipulating that Government's Exhibit One cigarette was collected from the sidewalk in front of the store (sometimes

2

referred to as the sidewalk cigarette), (2) that the cigarette was sent to the Georgia Bureau of Investigations (GBI) where it was analyzed, (3) that the cigarette was determined to contain human saliva, (4) that deoxyribonucleic acid (DNA) was extracted from the saliva, and (5) that the DNA belonged to Movant; (6) by stipulating to Movant's "pin number" associated with the May 27, 2009, phone call from the detention facility; (7) by stipulating to the cigarette evidence and, thus, denying Petitioner his confrontation rights; (8) by failing to object when an investigator testified from a forensic scientific report on the DNA collected from the sidewalk cigarette, depriving Petitioner of his confrontation rights; (9) by stipulating that the phones taken during the robbery had been shipped in interstate commerce; (10) by failing to interview or call Merill Grisson as a defense witness; (11) by failing to inform Movant of any plea offer by the government; and (12) by failing to pursue plea negotiations for a fifteen-year plea offer;[1] and (14) his ten-year sentence for the firearm conviction violates his constitutional rights. (Doc. 80 at 5-10L; Doc. 85, Attach.).

---

[1]Movant states in his Ground Thirteen that he is entitled to an evidentiary hearing. (Doc. 80 at 10N; Doc. 85, Attach.).

**II.     28 U.S.C. § 2255 Standard**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted" and "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 164-65 (1982). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts). On collateral review, it is the

4

movant's burden to establish his right to relief. Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

### III. Discussion

#### A. Cigarette Stipulation, Grounds One through Five, Seven, and Eight

During opening statements, counsel did not contest that Movant's DNA was obtained from the sidewalk cigarette but argued that there was no evidence showing that the cigarette at issue had been left by the robber. (Doc. 67 at 25). Ahn testified that robber one came into the store and had a cigarette butt in his hand before the robbery. (Id. at 36-37, 51-52).

Ok testified that he saw robber one smoking outside the store before the robbery. (Id. at 56). Ok testified that he had swept in front of the store immediately before the robbery, sweeping from inside the store to the outside; that the area was clean before

5

the robbery; and that he noticed a cigarette on the doorway after the robbery and did not notice any other cigarettes on the sidewalk.[2]  (Id. at 57-58, 61-63).

The parties stipulated that a cigarette was collected from the sidewalk in front of the store, that it was sent to the GBI for analysis, that it contained human saliva, that DNA was extracted from the saliva, and that the DNA belonged to Movant. (Id. at 87-88). Crime scene technician Denise Lasonde testified that she recovered a cigarette butt from the crime scene on the sidewalk area in front of the store and that there were no other cigarettes in that sidewalk area. (Id. at 91-92). In closing, counsel for Movant argued that there was nothing to prove that the sidewalk cigarette had been dropped by the robber and that Movant was not the robber. (Doc. 68 at 176-77).

Movant asserts that counsel performed ineffectively by stipulating (1) that a cigarette was collected from the sidewalk, (2) that the cigarette was sent to the GBI for analysis, (3) that the cigarette was determined to contain human saliva, (4) that DNA was extracted from the saliva, and (5) that the DNA belonged to Movant; (7) by stipulating to the cigarette evidence and, thus, denying Petitioner his confrontation rights; and (8) by failing to object when an investigator testified from a forensic

---

[2]Defense counsel also questioned Ok on three cigarettes located at the curb in front of the store. (Doc. 67 at 81).

scientific report on the DNA collected from the cigarette, depriving Petitioner of his confrontation rights. (Doc. 80 at 5-10A, 10E-10G). The government argues, among other things, that Movant fails to show prejudice. (Doc. 87 at 6-11).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

7

"Defense counsel may waive the defendant's right to cross-examine witnesses by stipulating to the admission of evidence." United States v. Gonzales, 342 F. App'x 446, 447-48 (11th Cir. 2009) (citing United States v. Stephens, 609 F.2d 230, 232 (5th Cir. 1980)). Such stipulation is proper "so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." Id. at 448 (quoting Stephens, 609 F.2d at 232-33) (internal quotation marks omitted).  As a general rule, "an attorney's decision to stipulate to evidence and thereby waive his client's confrontation rights is a legitimate trial tactic and part of a prudent trial strategy as long as the decision does not constitute ineffective assistance of counsel." United States v. Williams, 403 F. App'x 707, 709 (3rd Cir. 2010) (citing United States v. Aptt, 354 F.3d 1269, 1284 (10th Cir. 2004)), cert. denied, _ U.S. _, 131 S. Ct. 1840 (2011). Absent a showing that counsel had evidence that would have been useful in rebutting the stipulated evidence, there is no showing that counsel was ineffective. Id.; cf. United States v. Goodlow, 389 F. App'x 961, 966-67 (11th Cir. 2010) (holding that defendant's confrontation rights were not violated when he entered "into stipulations that the reports were admissible and that the chemist, if called to testify, would be qualified and would testify consistently with the reports" ).

8

Movant presents nothing to show that he dissented to the stipulations at trial. Neither does Movant meet his burden of showing that counsel was ineffective in entering into the stipulations. Movant fails to show any evidence that could have been presented to show that the cigarette at issue was *not* collected from the sidewalk, sent to the GBI for analysis, nor determined to contain human saliva; that DNA was *not* extracted from the saliva; or that the DNA did *not* belong to Movant. Absent such a showing, the Court has no reason to question the admittance of the evidence. By stipulating to the above matters, counsel was able to avoid a protracted emphasis on the fact that Movant's DNA was found on the sidewalk cigarette and was able to draw greater attention to whether evidence supported finding that the sidewalk cigarette was the same cigarette possessed by the robber. Further, when there is a valid stipulation, there is no error in the Court admitting a forensic report without testimony from the technician responsible for a forensic report, and counsel is not deficient for failing to object on the issue. See Goodlow, 389 F. App'x at 966-67. Grounds One through Five, Seven, and Eight fail.

**B.     Telephone Pin Stipulation, Ground Six**

Law Enforcement Consultant Clarence E. Cox III testified that the detention center where Movant had been confined on May 27, 2009, assigned each prisoner a

9

telephone pin number for use when they placed telephone calls from the center. (Doc. 67 at 96). The parties stipulated to Petitioner's pin number. (Id. at 99).

Movant argues that counsel was ineffective in stipulating to his "pin number" associated with the May 27, 2009, phone call from the detention facility. (Doc. 80 at 10C). The government argues, among other things, that Movant fails to show prejudice. (Doc. 87 at 10).

The same law stated above applies. Movant does not show that he dissented to the stipulation at trial. See Gonzales, 342 F. App'x at 447-48. Neither does Movant come forward with anything indicating that there was any evidence useful in rebutting the stipulated evidence and, thus, fails to show that counsel was ineffective in entering into the stipulation. See Williams, 403 F. App'x at 709.

### C. Interstate Commerce Stipulation, Ground Nine

The parties stipulated that the cell phones in inventory at Skytalk Communications previously had been shipped in interstate commerce. (Doc. 68 at 134).

Movant argues that counsel was ineffective in stipulating that the phones taken during the robbery had been shipped in interstate commerce. (Doc. 80 at 10I). The

10

government argues, among other things, that Movant fails to show prejudice. (Doc. 87 at 12).

Strickland again applies, and this Ground also fails. Movant does not show that he dissented to the stipulation at trial. See Gonzales, 342 F. App'x at 447-48. Neither does Movant come forward with anything indicating that there was any evidence useful in rebutting the stipulated evidence and, thus, fails to show that counsel was ineffective in entering into the stipulation. See Williams, 403 F. App'x at 709.

### D. Merill Grisson as Defense Witness, Ground Ten

At trial, the state introduced into evidence Movant's recorded May 27, 2009, telephone call with his uncle.

> Owens made two statements during the phone call. First, he said to his uncle, "[T]hey got me in–in the federal–penitentiary . . . for a crime that I–I committed by they tryin' to give me a life sentence." Later in the conversation, he said, "I'm not tryin' to get no life sentence . . . for somethin' I ain't really done."

Owens, 445 F. App'x at 211.

Movant argues that counsel was ineffective for failing to interview or call Merill Grisson, his uncle, as a defense witness. (Doc. 80 at 10K). Movant argues that Grisson could have testified that Movant simply used bad language and was not admitting guilt when he stated "for a crime that I-I committed" and later stated "for

11

something I ain't really done." (Id.). In support, Movant states in his own affidavit that Grisson could have and would have testified that Movant's language indicated that he had been charged with something that he had not done. (Doc. 81, second aff. at 1). The government argues, among other things, that Movant fails to show prejudice. (Doc. 87 at 13).

Strickland applies. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted). Petitioner, now proceeding as his own counsel, fails to come forward with any proffer of the alleged testimony by Grisson that he asserts trial counsel was ineffective for failing to present at trial. See Hill v. Moore, 175 F.3d 915, 923 (11th Cir. 1999) (holding that absent proffer of evidence that supports claim, the petitioner could not show prejudice based on counsel's failure to introduce such evidence); Gilreath v. Head, 234 F.3d 547, 552 n.12 (11th Cir. 2000) (stating that if a petitioner complains of counsel's failure to obtain witnesses, he must "show that witnesses not presented at trial actually were available and willing to testify at time of trial"). Absent any type of affidavit from Grisson showing that he was available to testify and that he would have testified at Petitioner's

trial, Petitioner's unsupported statements in his personal affidavit regarding Grisson are insufficient to show that there is a reasonable probability that Grisson would have testified in a manner that would have changed the outcome. Ground Ten fails.

### E. Plea Matters, Grounds Eleven and Twelve

Movant argues that counsel was ineffective for failing to inform him of any plea offer by the government and failing to pursue plea negotiations for a fifteen-year plea offer. (Doc. 80 at 10J-10L). In his affidavit, Movant states that his first counsel told him that the government had offered a plea for a twenty-year sentence, that discussions ceased when his first counsel withdrew, that Movant informed Mr. Mendelsohn of the twenty-year offer and requested that he seek a plea offer for fifteen years; that Mr. Mendelsohn never discussed the matter with Movant again; and that had Mr. Mendelsohn informed him of a plea offer by the government, he would have pleaded guilty. (Doc. 81, second aff. ¶¶ 6-10). Movant states that he believed the government made a plea offer to Mr. Mendelsohn because it made a twenty-year offer to his first attorney. (Doc. 80 at 10J).

13

The government responds that Movant's claim fails because, although there were plea discussions, Movant fails to show that there was ever any formal plea offer by the government, much less one that would involve a fifteen year sentence. (Doc. 87 at 14).

"[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland." Missouri v. Frye, _ U.S. _, _, 132 S. Ct. 1399, 1405, 1408 (2012) ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution . . . ."). To show prejudice, a defendant must show there is a reasonable probability that the plea offer, if communicated, would have been accepted and that the end result of the criminal process would have been more favorable to the defendant. Id., _ U.S. at _, 132 S. Ct. at 1409 ("Defendants must . . . demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it[.]"). "[C]ounsel cannot force the state to plea bargain[,]" and counsel does not perform deficiently by failing to plea bargain when the state has not offered to bargain, Zamora v. Dugger, 834 F.2d 956, 960 (11th Cir. 1987), or by failing to inform a defendant of a non-existent plea offer, United States v. Butler, 118 F. App'x 371, 373

14

(10th Cir. 2004) ("Failure to inform him of a non-existent plea offer cannot form a basis for an inadequate assistance of counsel claim.").

Movant was informed of the twenty-year non-formal offer,[3] and there is no deficiency based on a failure to inform Movant of that offer. Movant argues that counsel was ineffective in failing to pursue a fifteen-year offer and, based on his apparent rejection of the twenty-year non-formal offer and his wish to pursue a fifteen-year offer, he is construed to argue that he would have pleaded guilty if he had been informed of a fifteen-year plea offer (or something comparable) by the government. Movant, however, fails to show prejudice. Movant fails to show the existence of a formal plea offer in the range of fifteen years and provides nothing that even suggests a reasonable probability that the government would have been willing to entertain a fifteen-year plea agreement. Movant's unsupported statement that he believes an offer other than the twenty-year offer was made is insufficient to show otherwise or to warrant an evidentiary hearing on the matter. See Lynn, 365 F.3d at 1238-39 (stating that conclusory allegations without "details or . . . example[s]" of "testimony or statements" in support of a claim do not require an evidentiary hearing); David v.

---

[3]There is also nothing in the record to indicate that a formal twenty-year plea offer existed.

15

United States, 134 F.3d 470, 478 (1st Cir. 1998) (holding that evidentiary hearing was not required and stating that "the district court was not obliged to credit the petitioner's threadbare allusions to a phantom plea bargain"). Grounds Eleven and Twelve fail.

### F.    Sentence for Firearm Conviction, Ground Fourteen

As stated earlier, the grand jury sitting in the Northern District of Georgia indicted Movant for the "use and discharge" of a firearm in relation to a crime of violence. (Doc. 1). The Court did not specifically instruct the jury on discharge of a firearm. (Doc. 68 at 201). The Court imposed the ten-year mandatory minimum sentence for discharging a firearm,18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 60).

On June 17, 2013, after Movant's conviction became final, the United States Supreme Court held based on its earlier holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that a fact such as the brandishing of a firearm – which increases the mandatory minimum sentence under § 924(c)(1)(A)(ii) – must be submitted to the jury. Alleyne v. United States, _ U.S._, _, 133 S. Ct. 2151, 2163 (2013). Movant argues, based on Alleyne, that his ten-year sentence for the firearm conviction violates his constitutional rights because the court lacked authority to impose the minimum mandatory ten-year sentence when the jury was not instructed on, and did not decide,

whether he discharged a firearm.[4] (Doc. 85, Attach.). The government argues, among other things, that the Eleventh Circuit's recent opinion in In re: Clark, No. 13-13156-D (11th Cir. July 12, 2013), indicates that Alleyne should not be applied retroactively on initial collateral review. (Doc. 89 and Ex. A).

The Seventh Circuit has found that Alleyne does not apply retroactively on collateral review, for purposes of filing a successive § 2255 motion, until and unless the United States Supreme Court has decided that it is retroactively applicable and that such a decision is unlikely because "Alleyne is an extension of Apprendi . . . [, and t]he Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review." Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). The Eleventh Circuit has come to the same conclusion. See Order at 4, In re: Clark, No. 13-13156-D ("[T]he Supreme Court has strongly indicated that cases involving application of Apprendi are not retroactive to cases on collateral review."). The Fourth Circuit, in an unpublished opinion, has determined that Alleyne has not been made retroactively applicable to cases on initial collateral review. United States v. Stewart, No. 13-6775, _ F. App'x _, 2013 WL 5397401, at *1 (4th Cir. Sept. 27, 2013)

---

[4]Movant also states, incorrectly, that his indictment did not specifically allege that the firearm was discharged.

17

(affirming dismissal of § 2255 motion after allowing amendment to raise <u>Alleyne</u> claim).

Based on the above, the undersigned recommends that Movant's <u>Alleyne</u> claim. Ground Fourteen, fails.

## IV. <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Lott v. Attorney Gen.</u>, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows

both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because the resolution of the above grounds is not reasonably debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, (Doc. 80), to vacate, set aside, or correct his federal sentence be **DENIED**, and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

19

**IT IS SO RECOMMENDED and DIRECTED** this 31st day of October, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE