**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DWIGHT DARYL OWENS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0286-RWS-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-1780-RWS-JFK |

## ORDER

This case is before the Court for consideration of the Report and Recommendation [92] of Magistrate Judge Janet F. King. After reviewing the Report and Recommendation and Movant's objections [94, 95], the Report and Recommendation is received with approval as more fully discussed below.

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548

(11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

I.   **Discussion**

Movant was convicted for robbing a cell-phone store and using a firearm during the robbery and received a 180-month term of imprisonment for robbery and a consecutive 120-month term for the firearm conviction. (Docs. 56, 60); see also United States v. Owens, 445 F. App'x 209, 212 (11th Cir. 2011), cert. denied, _ U.S. _, 133 S. Ct. 1492 (2013).  The Eleventh Circuit Court of Appeals affirmed the judgment against Movant.  Owens, 445 F. App'x at 219.

Movant now seeks collateral review under § 2255 and raises fourteen grounds for relief:  counsel performed ineffectively

(1) by stipulating that the government's Exhibit One (a cigarette) was collected from the sidewalk in front of the cell-phone store;

(2) by stipulating that the cigarette was sent to the Georgia Bureau of Investigations (GBI) where it was analyzed;

2

(3) by stipulating that the cigarette was determined to contain human saliva;

(4) by stipulating that deoxyribonucleic acid (DNA) was extracted from the saliva;

(5) by stipulating that the DNA belonged to Movant;

(6) by stipulating to Movant's "pin number" associated with his May 27, 2009, phone call from a detention facility;

(7) by stipulating to the cigarette evidence and, thus, denying Movant his confrontation rights;

(8) by failing to object when an investigator testified from a forensic scientific report on the DNA collected from the sidewalk cigarette, depriving Movant of his confrontation rights;

(9) by stipulating that the phones taken during the robbery had been shipped in interstate commerce;

(10) by failing to interview or call Merill Grisson as a defense witness;

(11) by failing to inform Movant of any plea offer by the government; and

(12) by failing to pursue plea negotiations for a fifteen-year plea offer;[1] and

(14) the ten-year sentence for the firearm conviction violates Movant's constitutional rights.

(Mot., [80] at 5-10L;[2] Amendment [85-1].)

---

[1]Movant states in Ground Thirteen that he is entitled to an evidentiary hearing. (Mot. [80] at 10N.)

[2]Movant twice repeats page numbers 10I, 10J, and 10K. Where he does so, the Court in its citation to the record specifies the ground at issue.

AO 72A
(Rev.8/8
2)

The Magistrate Judge recommends that Movant is not entitled to relief and that a COA should be denied.   (Report and Recommendation (R&R) [92].)   Movant objects.  (Objections [94]; Mot. [95].)  The Court has grouped Movant's grounds for relief and addresses them – along with the Magistrate Judge's findings and Movant's objections – below.

## A.   Grounds One through Seven and Nine, Stipulations

Trial evidence included a cigarette – bearing Movant's DNA – found on the sidewalk outside the cell-phone store.   Counsel did not contest the presence of Movant's DNA on the cigarette but argued that no evidence showed that it was the *robber's* cigarette.  (Tr. [67] at 25; Tr. [68] at 176-77.)  "The parties, by and through their respective attorneys of record," stipulated that a cigarette was collected from the sidewalk in front of the store, that it was sent to the GBI for analysis, that it contained human saliva, that DNA was extracted from the saliva, and that the DNA belonged to Movant.  (Tab 6 [87-3].)

Evidence also showed that the detention center – where Movant was confined when he used the phone in May 2009 – assigned each prisoner a telephone pin number for use when he placed telephone calls from the center.  (Tr. [67] at 96.)  The parties stipulated to Movant's pin number – 60985019.  (Id. at 99; Tab 7 [87-3].)  The parties

also stipulated that the cell phones in inventory at the cell-phone store previously had been shipped in interstate commerce. (Tr. [68] at 134; Tab 8 [87-3].) The stipulations were read into the record, and there is no indication that Movant disagreed with the stipulations. (Tr. [67] at 87-88, 99; Tr. [68] at 134.)

In his § 2255 motion, Movant asserts that counsel performed ineffectively by entering into the stipulations, depriving Movant of his confrontation rights. (Mot. [80] at 5-10A, 10C, 10E-10G, and 10I, Ground Nine.)

The Magistrate Judge cited United States v. Gonzales, 342 F. App'x 446, 448 (11th Cir. 2009) (approving counsel's stipulation to the admission evidence "so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." (quoting United States v. Stephens, 609 F.2d 230, 232-33 (5th Cir. 1980))[3] (internal quotation marks omitted)), and United States v. Williams, 403 F. App'x 707, 709 (3rd Cir. 2010) (finding that ineffective assistance claim based on a stipulation fails absent a showing that counsel had evidence that would have been useful in rebutting the evidence stipulated to), cert. denied, _ U.S. _, 131 S. Ct. 1840 (2011).

---

[3]The court in Stephens discussed counsel's possible motives and stated, "[n]or can we say that counsel's decision on this matter was not a legitimate trial tactic or part of a prudent trial strategy." Stephens, 609 F.2d at 233.

AO 72A
(Rev.8/8
2)

(R&R [92] at 8.)  The Magistrate Judge found that Grounds One through Five and

Seven (pertaining to the cigarette stipulations) failed.

> Movant presents nothing to show that he dissented to the
> stipulations at trial.  Neither does Movant meet his burden of showing
> that counsel was ineffective in entering into the stipulations.  Movant fails
> to show any evidence that could have been presented to show that the
> cigarette at issue was *not* collected from the sidewalk, sent to the GBI for
> analysis, nor determined to contain human saliva; that DNA was *not*
> extracted from the saliva; or that the DNA did *not* belong to Movant.
> Absent such a showing, the Court has no reason to question the
> admittance of the evidence.  By stipulating to the above matters, counsel
> was able to avoid a protracted emphasis on the fact that Movant's DNA
> was found on the sidewalk cigarette and was able to draw greater
> attention to whether evidence supported finding that the sidewalk
> cigarette was the same cigarette possessed by the robber.

(Id. at 9.)  The Magistrate Judge also found that Grounds Six and Nine (pertaining to

Movant's pin number and interstate commerce), failed because Movant had not shown

that he dissented to the stipulations and had failed to "come forward with anything

indicating that there was any evidence useful in rebutting" the evidence stipulated to.

(R&R [92] at 10, 11.)

Movant objects (1) that he "dissented" to the stipulations by virtue of counsel's

failure to discuss the stipulations with him and that he could not have dissented without

a discussion with counsel, (2) that the Magistrate Judge wrongly assumed counsel's

strategy without holding a hearing, and (3) that it was not his burden to present

6

evidence on the government's evidence and the Magistrate Judge's observations were impermissibly based on hindsight, and (4) that "rebuttable evidence" is immaterial to whether counsel performed ineffectively.  (Objections [94] at 1-6; Mot. [95].)

On *de novo* review, Movant's grounds based on the cigarette, pin-number, and interstate-commerce stipulations fail.  Counsel's alleged failure to discuss the stipulations with Movant does not change the fact that Movant did not dissent but acquiesced to the stipulations at the time they were read into the record at trial.  See United States v. Robinson, 617 F.3d 984, 989 (8th Cir. 2010) ("Where the defendant is aware of the stipulation . . . [and does] not object to the stipulation in court, we presume that he has acquiesced in his counsel's stipulation." (alteration in original) (internal quotation marks and citation omitted)).  Further, the possible motives that objectively reasonable counsel could have entertained are properly considered (without a hearing) in order to determine whether counsel's stipulation may have been a legitimate trial tactic or strategy.  See Gordon v. United States, 518 F.3d 1291, 1301-02 (11th Cir. 2008) ("It is clear from the record that the performance of Gordon's counsel was not deficient . . . . When we can conceive of a reasonable motivation for counsel's actions, we will deny a claim of ineffective assistance without an evidentiary hearing.").  The Court agrees with the Magistrate Judge's analysis, quoted above, that

AO 72A
(Rev.8/8
2)

sound strategy supported the cigarette stipulations.  See Poole v. United States, 832 F.2d 561, 564 (11th Cir. 1987) ("It is often wise for counsel to stipulate to . . . easily proven matters . . . . Courts have even encouraged such stipulations," and "counsel for the defendant can stipulate to the insured status of the banks without a formal waiver by the defendant.").

The Court also finds that Movant has failed to show prejudice based on counsel's conduct in entering the stipulations without discussion with Movant. Movant's contention that it is not his burden to present evidence on the matter appears to be based on a misunderstanding of a convicted defendant's burden in collateral proceedings under § 2255.  When a convicted defendant seeks collateral relief, he is presumed guilty, not innocent.  Herrera v. Collins, 506 U.S. 390, 399-400 (1993).  The presumptions and the burdens have changed.   The movant bears the burden of demonstrating ineffective assistance of counsel, Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc), and establishing his right to relief under § 2255, Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007).  In order to show prejudice, it was Movant's burden to show that, if there had not been any stipulations, evidence existed that would have been useful to rebut the evidence stipulated to, and Movant has not met that burden.  Movant's contention that "rebuttable evidence" is

AO 72A
(Rev.8/8
2)

immaterial appears to be an argument that evidence to rebut evidence on the cigarette, his pin number, and interstate commerce is irrelevant. It is not irrelevant. To succeed on an ineffective assistance of counsel claim, Movant must show prejudice, which he cannot do without a showing that evidence existed that could have been used to rebut evidence that his DNA was on a cigarette found outside the cell-phone store, that his pin number was 60985019, and that the phones had traveled in interstate commerce. On *de novo* review, Grounds One through Seven and Nine fail.

### B.   Ground Ten – Merill Grisson as Defense Witness

At trial, the state introduced into evidence Movant's recorded May 2009 telephone call with his uncle.

> Owens made two statements during the phone call. First, he said to his uncle, "[T]hey got me in–in the federal–penitentiary . . . for a crime that I–I committed by they tryin' to give me a life sentence." Later in the conversation, he said, "I'm not tryin' to get no life sentence . . . for somethin' I ain't really done."

Owens, 445 F. App'x at 211.

In his § 2255 motion, Movant argues that counsel was ineffective for failing to interview or call Grisson, his uncle, as a defense witness. (Mot. [80] at 10K, Ground Ten.) The Magistrate Judge found as follows.

9

>Absent any type of affidavit from Grisson showing that he was available to testify and that he would have testified at [Movant's] trial, [Movant's] unsupported statements in his personal affidavit regarding Grisson are insufficient to show that there is a reasonable probability that Grisson would have testified in a manner that would have changed the outcome. Ground Ten fails.

(R&R [92] at 12-13.)  Movant objects that had counsel called Grisson at trial or had he been allowed an evidentiary hearing it would have been established that Grisson was available and willing to testify.  (Objections [94] at 6-7.)

Movant misunderstands his burden of showing ineffective assistance of counsel in § 2255 proceedings.  If a movant contends that counsel was ineffective for failing to call a witness, it becomes the movant's burden in collateral proceedings to "show that witnesses not presented at trial actually were available and willing to testify at time of trial," Gilreath v. Head, 234 F.3d 547, 552 n.12 (11th Cir. 2000), which Movant failed to do either in his motion or in reply to the government's response.  An evidentiary hearing is unwarranted when a movant fails to make a proffer of the evidence that he claims his counsel was ineffective for failing to produce.  See Perez v. United States, 435 F. App'x 820, 822, 824 (holding that evidentiary hearing was unnecessary for ineffective assistance claim when the movant had not made a proffer of the alleged testimony (on drug-sniffing dogs) that counsel allegedly should have

AO 72A
(Rev.8/8
2)

presented), <u>cert. denied</u>, _ U.S. _, 132 S. Ct 1724 (2012).  On *de novo* review, Ground

Ten fails.

### C.   <u>Grounds Eleven and Twelve – Plea Matters</u>

In his § 2255 motion, Movant argues that counsel was ineffective for failing to

inform him of any plea offer by the government and failing to pursue plea negotiations

for a fifteen-year plea offer.  (Mot. [80] at 10J-10L, Grounds Eleven and Twelve.)

Movant states that his first counsel told him that the government had offered a plea for

a twenty-year sentence; that discussions ceased when his first counsel withdrew; that

Movant informed his next counsel, Mr. Mendelsohn, of the twenty-year offer and

requested that he seek a plea offer for fifteen years; that Mr. Mendelsohn never

discussed the matter with Movant again; and that had Mr. Mendelsohn informed him

of a plea offer by the government, he would have pleaded guilty.  (Aff. [81-2] ¶¶ 6-10.)

Movant states that he believed the government made a plea offer to Mr. Mendelsohn

because it made a twenty-year offer to his first attorney.  (Mot. [80] at 10J, Ground

Eleven.)

The Magistrate Judge found as follows.

Movant was informed of the twenty-year non-formal offer,[] and
there is no deficiency based on a failure to inform Movant of that offer.
Movant argues that counsel was ineffective in failing to pursue a fifteen-

AO 72A
(Rev.8/8
2)

year offer and, based on his apparent rejection of the twenty-year non-formal offer and his wish to pursue a fifteen-year offer, he is construed to argue that he would have pleaded guilty if he had been informed of a fifteen-year plea offer (or something comparable) by the government. Movant, however, fails to show prejudice.  Movant fails to show the existence of a formal plea offer in the range of fifteen years and provides nothing that even suggests a reasonable probability that the government would have been willing to entertain a fifteen-year plea agreement. Movant's unsupported statement that he believes an offer other than the twenty-year offer was made is insufficient to show otherwise or to warrant an evidentiary hearing on the matter.

(R&R [92] at 15.)  The Magistrate Judge noted that the record did not indicate the existence of a formal twenty-year plea offer.  (Id. at 15 n.3).

Movant argues that the Magistrate Judge's finding that he failed to show the existence of a formal plea offer in the range of fifteen years is objectionable on the grounds that he never stated that a fifteen-year offer existed but argued that counsel was deficient for failing to negotiate a fifteen-year offer.  (Objections [94] at 8.)  This objection fails because there is no meaningful distinction between Movant disclaiming the existence of a fifteen-year offer and the Magistrate Judge finding that he failed to show the existence of such an offer.  Movant also argues that the finding that the record does not show that a "former [sic] twenty-year plea offer existed" is objectionable because his first attorney presented him with a twenty-year offer.  (Id.

AO 72A
(Rev.8/8
2)

at 8).[4]  This objection fails because the Magistrate Judge fully discussed the "former" twenty-year offer and there is no indication in the record that the twenty-year offer was a formal twenty-year offer.  Otherwise, the Court finds no clear error in the Magistrate Judge's recommendation on Grounds Eleven and Twelve.

### D.    Ground Fourteen – Sentence for Firearm Conviction

Movant was indicted for the "use and discharge" of a firearm in relation to a crime of violence.  (Indictment [1] at 2.)  Although the Court did not specifically instruct the jury on discharge of a firearm, (Tr. [68] at 201), Movant was convicted on that charge, and the Court imposed the ten-year mandatory minimum sentence for discharging a firearm,18 U.S.C. § 924(c)(1)(A)(iii).  (J. [60].)

On June 17, 2013, after Movant's conviction became final, the United States Supreme Court held, based on its earlier holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that a fact such as the brandishing of a firearm – which increases the mandatory minimum sentence under § 924(c)(1)(A)(ii) – must be submitted to the jury. Alleyne v. United States, _ U.S._, _, 133 S. Ct. 2151, 2163 (2013).  Movant argues, based on Alleyne, that his ten-year sentence for the firearm conviction violates his

---

[4]The Court addresses Movant's objections to the Magistrate Judge's findings and recommendations but does not address Movant's objection to the government's arguments.  (See Objections [94] at 7-8.)

AO 72A
(Rev.8/8
2)

constitutional rights because the court lacked authority to impose the minimum mandatory ten-year sentence when the jury was not instructed on, and did not decide, whether he discharged a firearm.[5]  (Amendment [85-1].)

The Magistrate Judge agreed with the reasoning in Seventh and Eleventh Circuit cases (that dealt with the filing of successive § 2255 motions) and a Fourth Circuit case (that dealt with an initial § 2255 motion) that <u>Alleyne</u> does not apply retroactively on collateral review.  (R&R [92] at 17-18.)  Movant objects because the Magistrate Judge relied on case law dealing with successive motions.  (Objections [94] at 9.)

The Court finds no error in the Magistrate Judge having relied on the reasoning of case law dealing with successive § 2255 motions.  Notably, Movant does not address the actual reasoning from those cases or address the Fourth Circuit case.  On review, the Court finds no clear error in the Magistrate Judge's recommendation that Ground Fourteen fails.  <u>See</u> <u>United States v. Marroquin-Alvarez</u>, No. 1:08-CR-363-8-TWT, 2013 WL 6190522, at *2 (N.D. Ga. Nov. 26, 2013) (holding in § 2255 proceeding that <u>Alleyne</u> has not been made retroactively applicable to cases on collateral review).

---

[5]Movant also states, incorrectly, that his indictment did not specifically allege that the firearm was discharged.

14

### E.      Certificate of Appealability (COA)

Movant also objects – asserting that he received ineffective assistance of counsel – to the Magistrate Judge's recommendation that a COA be denied.  [Objections [94] at 9-10.)  Movant has not made a substantial showing of the denial of a constitutional right, and a COA is unwarranted.

### F.      Evidentiary Hearing

The Magistrate Judge determined that the files and records of the case conclusively showed that Movant was not entitled to relief and that an evidentiary hearing was not required.  (R&R [92] at 5.)  Movant objects that the Magistrate Judge did not address the need for an evidentiary hearing.  (Objections [94] at 10.)  Movant's objection is overruled as the Magistrate Judge did address the need for an evidentiary hearing.  Further, the Court agrees with the Magistrate Judge and finds no need for a hearing on any of Movant's grounds for relief.

AO 72A
(Rev.8/8
2)

II.   **Conclusion**

**IT IS ORDERED** that Movant's motion to supplement his objections [95] is **GRANTED**.

For the reasons stated above, Movant's objections fail and, on review of the matters to which Movant does not object, the Court finds no clear error.  Accordingly, **IT IS ORDERED** that Movant's objections [94, 95] are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [92] is **ADOPTED** as the Opinion and Order of the Court.

**IT IS ORDERED** that Movant's motion [80] to vacate, set aside, or correct his federal sentence is **DENIED**, that a COA is **DENIED**, and that civil action number 1:13-CV-1780-RWS-JFK is **DISMISSED**.

**IT IS SO ORDERED** this   20th   day of December, 2013.

**RICHARD W. STORY**
United States District Judge

16