**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DWIGHT DARYL OWENS, | : | MOTION TO VACATE |
|      Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0286-RWS-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|      Respondent. | : | CIVIL FILE NO. |
| | : | 1:14-CV-2943-RWS-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion [110] that challenges his conviction and sentence entered in this District under the above criminal docket number. The matter is before the Court for preliminary review under Rule 4(b), which requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court[.]" Rules Governing Section 2255 Proceedings, Rule 4(b).

In December 2013, the Court denied Movant's original § 2255 motion, in which Movant challenged under <u>Alleyne v. United States</u>, _ U.S._, 133 S. Ct. 2151 (2013), the imposition of a ten-year mandatory minimum sentence for discharging a firearm, 18 U.S.C. § 924(c)(1)(A)(iii), when the jury did not decide whether he had discharged

a firearm. (See Report and Recommendation [92] at 16-17). Movant's appeal therefrom remains pending in the Eleventh Circuit Court of Appeals. Owens v. United States, No. 14-10221 (11th Cir. filed Jan. 16, 2014). In his current § 2255 motion, Movant raises the same challenge to his § 924(c) term of imprisonment that he raised in his December 2013 § 2255 motion. (Mot. [110]).

Generally, a movant must get permission from the circuit court of appeals before a successive § 2255 motion can be filed in the district court. See 28 U.S.C. § 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Some circuits have found, however, that a § 2255 motion should not be deemed a successive motion and should be deemed a motion to amend if it is filed while an initial § 2255 motion remains pending on appeal. Clark v. United States, _ F.3d _, 2014 WL 4357568 (6th Cir. 2014) (citing Ching v. United States, 298 F.3d 174, 176-81 (2d Cir. 2002); Johnson v. United States, 196 F.3d 802, 803-06 (7th Cir. 1999)). The Ninth Circuit has decided that a movant cannot "amend his petition after the district court has ruled and proceedings have begun in [the appellate] court[.]" Beaty v. Schriro, 554 F.3d 780, 783 n.1 (9th Cir. 2009). The Eleventh Circuit, in an unpublished opinion, has declined to apply the principle in Ching when the original § 2255 motion

2

is not pending before the district court and the appeal from the original motion has since been resolved. United States v. Terrell, 141 F. App'x 849, 852 (11th Cir. 2005).

Here, it is apparent that the Court is without jurisdiction, whether the instant motion is deemed successive or whether it is deemed a motion to amend. To the extent that Movant's current motion is considered a successive § 2255 motion, it must be dismissed because the Court has no authority to consider it until Movant has obtained permission from the Eleventh Circuit Court of Appeals to file a successive motion. See 28 U.S.C. § 2255(h). Moreover, this Court already has denied Movant's claim regarding his § 924(c) sentence. That decision is pending on appeal before the Eleventh Circuit Court of Appeals. Therefore, this Court is without jurisdiction over Movant's current motion. See Doe v. Bush, 261 F.3d 1037, 1064-65 (11th Cir. 2001) (reiterating the rule that the "filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal").

A certificate of appealability is not warranted because it is not debatable that this Court is without jurisdiction over Movant's current motion. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11.

AO 72A
(Rev.8/82)

Accordingly,

**IT IS RECOMMENDED** that this § 2255 motion [110] be **DISMISSED** and that a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 22nd day of September, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)